Keith Guthrie et al., Appellants *v.* The Borough of Wilkinsburg, Appellee.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal and Koerner,* for appellants.

*Paul V. Ressler, Colbert and McElfish,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 12, 1983:

The Allegheny County Common Pleas Court granted the Borough of Wilkinsburg's (Borough) motion to dismiss for lack of jurisdiction. Guthrie and others[1] (Guthrie) appeal. We affirm.

The Borough Council of Wilkinsburg, in conjunction with the Mayor and the Community Advocate Unit,[2] conducted a private inquiry[3] to determine the validity of certain private citizen complaints against police officers. At the conclusion of the inquiry, the Borough issued letters of reprimand to the officers which were made a part of each officer's personal file. Each letter found the officer guilty of the misconduct alleged and also warned him of the gravity of his con-

---

[1] The various police officers involved are: Keith Guthrie, Robert Garvin, Henry Riebold, Terrence Lockard, Robert K. Thomas, John Shook, Barry Almy and W. Gregory Ferrell.

[2] The Community Advocate Unit is a division of the Pennsylvania Department of Justice. Michael O. Louik represented the Unit at the inquiry.

[3] From November, 1978, until June, 1979, Michael Louik, along with members of the Wilkinsburg Borough Council, conducted thirteen meetings, at which approximately forty individuals presented testimony. The police officers who are appellants in this action were among the individuals who were subpoenaed and compelled to give testimony during this time perod. It is conceded that these officers were not afforded the benefits guaranteed to them under the Local Agency Law, in that they were not permitted to confront or cross-examine their accusers, and they never received proper written notice of charges nor a proper hearing as required. The Local Agency Law, of course, did not apply in this case.

duct. Guthrie then petitioned for review of his case, contending it was not a proper adjudication under the Local Agency Law.[4] The common pleas court dismissed for lack of jurisdiction.

The sole legal issue here is whether a letter of reprimand is an adjudication under Section 101 of the Local Agency Law.[5] If it were, the police officers would be entitled to the procedural protection of the Act. The Local Agency Law defines adjudication as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

The situations in which those various rights would be affected are enumerated in the Borough Code,[6] at Sections 46190[7] and 46191.[8] Section 46190 provides: "No person employed in any police or fire force or any borough shall be suspended, removed or reduced in rank except for the following reasons. . . ." There follows an enumerated list of those reasons for which persons may be suspended, removed or reduced in rank. Section 46191 provides that any officer suspended, removed or reduced in rank, because of one of the enumerated offenses, shall have the right to a written specification of charges, a hearing before the Civil Service Commission, and the right of appeal to a common pleas court. These, then, are the legally enforceable expectations of a borough police officer. He shall not

[4] 2 Pa. C. S. §§101-754.

[5] 2 Pa. C. S. §101.

[6] The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§45101-48501.

[7] 53 P.S. §46190.

[8] 53 P.S. §46191.

be suspended, discharged or demoted without the procedural due process rights within the Borough Code.

In this case, Guthrie was neither suspended, removed nor reduced in rank; therefore, a letter of reprimand is not an adjudication for the purposes of the protections provided in the Local Agency Law.

Affirmed.

### ORDER

The Allegheny Common Pleas Court order, No. SA 71 of 1980 dated April 26, 1980, is hereby affirmed.